IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>ERICK E. ALEXANDER; )<br>JODIE E. ALEXANDER; )<br>CAPITAL ONE BANK (USA), N.A.; and )<br>KANSAS DEPARTMENT OF SOCIAL )<br>AND REHABILITATION SERVICES, )<br>CHILD SUPPORT ENFORCEMENT )<br>DIVISION; WORLDWIDE ASSET )<br>PURCHASING II, LLC, ASSIGNEE OF )<br>DIRECT MERCHANT BANK, N.A., )<br>)<br>        Defendants. ) | Civil No. 09-1127-JTM-KMH |

**JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE**

Now on this 22nd day of September, 2009, this matter comes before the Court for entry of judgment. The United States appears by Emily B. Metzger, Assistant United States Attorney for the District of Kansas. There are no other appearances.

The court, upon examining its files and pleadings therein, finds:

1. The Complaint in this action was filed on April 30, 2009. An Amended Complaint was filed on May 15, 2009. The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and the real estate that is the subject of this action.

2. A Notice of Lawsuit and Request for Waiver of Service of Summons and a copy of the amended complaint were served on defendants Erick E. Alexander, Jodie E. Alexander, Capital One Bank, Kansas Department of Social and Rehabilitation Services, and Worldwide Asset Purchasing II, LLC, by mail on May 15, 2009, in accordance with Rule 4(d) of the Federal Rules of Civil

Procedure. The Waivers of Service of Summons were signed by Erick E. Alexander, Jodie E. Alexander, Capital One Bank, Kansas Department of Social and Rehabilitation Services, and Worldwide Asset Purchasing II, LLC, on May 26, 2009, June 1, 2009, May 26, 2009, May 19, 2009, and August 7, 2009, respectively. Service is hereby approved by the court.

3. The United States' Attorney's Office for the District of Kansas has accessed the Defense Manpower Data Center (DMDC) and was informed by the DMDC that the defendants Erick Alexander and Jodie Alexander are not on active military duty within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

4. Defendants Erick E. Alexander, Jodie E. Alexander, and Worldwide Asset Purchasing II, LLC, have failed to answer or otherwise appear and are in default. Defendants Capital One Bank and Kansas Department of Social and Rehabilitation Services have disclaimed any interest in the real property that is the subject of this action.

5. On or about November, 12, 1996, defendants Erick E. Alexander and Jodie E. Alexander executed and delivered to plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay the plaintiff the sum of $47,680.00 with interest thereon at 7.25 percent per annum. As consideration for the note, the plaintiff made a Rural Housing loan pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

6. Defendants Erick E. Alexander and Jodie E. Alexander, to secure the payment of the Promissory Note described in paragraph 5 above, did on or about November 12, 1996, execute and deliver to the plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Allen County, Kansas, to wit:

> Lot Four (4), Block Thirty (30), City of Iola, Allen County, Kansas.

The mortgage was recorded in the office of the Register of Deeds of Allen County, Kansas on November 12, 1996, in Book 197 at Page 419, and constitutes a first and prior lien on the aforedescribed property.

7. On or about November 8, 2002 (effective date October 12, 2002), the defendants Erick E. Alexander and Jodie E. Alexander, signed a reamortization agreement, wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $48,453.52 at 7.25 percent per annum.

8. Plaintiff is the owner and holder of the promissory note, real estate mortgage, and reamortization agreement described in paragraphs 5, 6, and 7, above.

9. The defendants Erick E. Alexander and Jodie E. Alexander have failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the note, mortgage, and amortization agreement. The plaintiff has accelerated the indebtedness and made demand for payment in full. Payment has not been received.

10. Under the provisions of the promissory note, real estate mortgage, and reamortization agreement, the plaintiff is owed a balance of $43,275.29 principal; $6,695.74 interest as of March 12, 2009, plus interest accruing thereafter at the daily rate of $8.4430.

11. No other action has been brought for the recovery of the balance due.

12. The plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq.

13. The interests of all of the defendants are junior and inferior to the interest of plaintiff.

14. Less than one-third (1/3) of the original indebtedness secured by the mortgages was paid prior to default.

15. The security real estate has been abandoned.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this court are hereby made the order of this court.

IT IS FURTHER ORDERED that the United States is granted judgment against defendants Erick E. Alexander and Jodie E. Alexander, jointly and severally, in the principal sum of $43,275.29, plus accrued interest thereon in the sum of $6,695.74, as of March 12, 2009, plus interest accruing thereafter at the daily rate of $8.4430, to the date of the filing of this Journal Entry; plus administrative costs of $115.00, plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus interest thereafter at the rate set forth in 28 U.S.C. § 1961, which is .40%, plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the real estate.

IT IS FURTHER ORDERED that in the event the judgment herein is not satisfied within ten (10) days of the filing of this journal entry, the Clerk shall, upon proper praecipe being filed by the United States, issue an order of sale on the judgment of foreclosure directing the United States Marshal to advertise and separately sell, with a three month right of redemption to defendants Erick E. Alexander and Jodie E. Alexander, unless such redemption rights are extinguished by the court, subject to any unpaid real property taxes or special assessments, the real estate described herein at the front door of the Allen County Courthouse, Iola, Kansas, as though taken on execution and without appraisal, and subject to the confirmation of the sale by the Court, and out of the proceeds of the sale of the real property, the Clerk shall pay and satisfy in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on plaintiff's judgment against defendants Erick E. Alexander and Jodie E. Alexander;

(4) Plaintiff's judgment against defendants Erick E. Alexander and Jodie E. Alexander; and

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real property being foreclosed upon and sold herein be sold with three months right of redemption in the defendants Erick E. Alexander and Jodie E. Alexander, unless such rights are extinguished by the court.

The United States Marshal, at his option, may employ the services of an auctioneer. In the event the United States Marshal does employ the services of an auctioneer, the auctioneer shall be paid from the proceeds of the sale.

IT IS FURTHER BY THE COURT ORDERED that the United States Marshal for the District of Kansas, make and execute to the purchaser of the property at sale, a Certificate of Purchase. At the expiration of the three month redemption period, or upon extinguishment of the redemption rights granted herein, the United States Marshal for the District of Kansas, shall make and execute a good and sufficient Marshal's Deed for the property, and defendants herein, and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that the United States, should it be the successful bidder at the Marshal's Sale, may make payment through offset of its judgment and shall not be required to present cash unless its bid exceeds the amount of its judgment plus the interest due on the date of

sale.  In the event the bid of the United States exceeds the amount of its judgment plus the interest, it need only present cash for the excess thereof.  A sale to the United States upon such payment shall be deemed a sale for cash.

IT IS FURTHER ORDERED that in the event any purchaser of the real is denied possession thereof, a writ of assistance, upon the filing of a proper praecipe therefor, shall issue out of this court, placing the purchaser in peaceable possession thereof.

IT IS FURTHER ORDERED that if the proceeds of the Marshal's Sale do not satisfy plaintiff's judgment against the defendants Erick E. Alexander and Jodie E. Alexander, plaintiff is hereby granted a deficiency judgment against the defendants for any amount still owing on the judgment after the sale.

s/ J. Thomas Marten
J. THOMAS MARTEN
UNITED STATES DISTRICT JUDGE

APPROVED BY:

LANNY D. WELCH
United States Attorney


**s/Emily B. Metzger**
EMILY B. METZGER, Ks.S.Ct.No. 10750
Assistant U.S. Attorney
1200 Epic Center, 301 N. Main
Wichita, KS 67202
(316) 269-6481
(316) 269-6484 (FAX)
emily.metzger@usdoj.gov